FILED
CLERK, U.S. DISTRICT COURT

FEB 22 2008

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE O. BROWN,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.<br><br>        Defendants. | Case No. EDCV 08-65-CAS (JWJ)<br><br>MEMORANDUM AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT WITH PREJUDICE IN PART AND WITH LEAVE TO AMEND IN PART |

## I. BACKGROUND

On January 28, 2008, plaintiff Ronnie O. Brown, proceeding <u>pro se</u>, filed in this Court a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" (hereinafter "Complaint").[1] This Court screened the Complaint pursuant to 28 U.S.C. § 1915A, the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. For the reasons discussed below, the Complaint is dismissed with prejudice, in part, and dismissed with leave to

---

[1] Plaintiff has included two documents with the filing. The first document is a handwritten document titled "Civil Rights Complaint With Demand for Jury Trial Pursuant to 42 U.S.C. § 1983" and the other document is the Court's standard civil rights form. For clarity, this Court will refer to the standard form as the "Complaint," and the handwritten document as the "Attachment."

amend, in part.

## II. STANDARD OF REVIEW

A court may dismiss a claim upon motion of the defendants or <u>sua sponte</u> pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." See <u>Wong v. Bell</u>, 642 F.2d 359, 361-62 (9th Cir. 1981). A Complaint may be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In reviewing a Complaint under this standard, the Court must accept as true the allegations of the Complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969). However, the "court is not required to accept legal conclusions cast in the form of factual allegations that cannot reasonably be drawn from the facts alleged [citations omitted]." <u>Clegg v. Cult Awareness Network,</u> 18 F.3d 752, 754 (9th Cir. 1994).

Review of a complaint for failure to state a claim is generally limited to the contents of the complaint. See <u>Buckey v. City of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir.), <u>cert. denied</u>, 506 U.S. 999, 113 S. Ct. 599, 121 L. Ed. 2d 536 (1992). However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss, and such material is not "outside" the complaint if the complaint specifically refers to the document(s) and its authenticity is not questioned. See <u>Branch v. Tunnell</u>, 14 F.3d 449,

453 (9th Cir. 1994) (citations omitted), cert. denied, 512 U.S. 1219, 114 S. Ct. 2704, 129 L. Ed. 2d 832 (1994). The Court may also properly consider material submitted as exhibits to the complaint, see Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990), and documents crucial to the plaintiff's claims, but not explicitly incorporated in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir.), cert. denied, 525 U.S. 1001, 119 S. Ct. 510, 142 L. Ed. 2d 423 (1998) (citing Branch v. Tunnell, 14 F.3d at 454). The Court may properly consider matters of public record: for example, pleadings, orders and other papers on file in another action pending before the court, records and reports of administrative bodies, or the legislative history of laws, rules or ordinances. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

The complaint may be dismissed where it discloses some fact that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984). However, in a pro se civil rights case, the complaint must be construed liberally to afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. Id. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Karim-Panahi, 839 F.2d at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.  DISCUSSION

A.  **Caption**.

Local Rule 11-3.8(d) provides that "[t]he names of the parties shall be placed below the title of the Court and to the left of center, and single spaced."

Therefore, the names of all the defendants must appear in the caption of the complaint.  Here, plaintiff has included two defendants in the caption of his Attachment (California Department of Corrections and M. Paulas) and one defendant (the Director of Corrections) in the caption of the Complaint. However, it appears that plaintiff intends to include several other defendants in this action, including Mr. Andrews, Dr. Nguyen, T. Huang, Officer Hawkes and Officer Pena.  (Complaint, pp. 3-4, 5b.)  Accordingly, the Complaint must be dismissed with leave to amend to allow plaintiff to name in the Complaint caption all individuals plaintiff intends to sue as defendants in this action.

B.     **Eleventh Amendment.**

Plaintiff names M. Paulas, the Director of Corrections, Mr. Andrews, Dr. Nguyen and T. Huang as defendants in their official and individual capacities. (Attachment, p. 1; Complaint, pp. 3-4.)  However, the Eleventh Amendment provides that the federal judiciary power "shall not be construed to extend to any suit in law or equity, commenced against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  "The Eleventh Amendment bars both a federal court action for damages (or other retroactive relief) brought by a citizen against a state and such a federal court action brought by a citizen against a state official acting in his official capacity."  Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992). Since suits for retroactive relief against state officials in their official capacity generally constitute suits against the state itself, see Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991), federal courts lack jurisdiction to entertain such suits – although individual-capacity claims against state officials face no Eleventh Amendment jurisdictional barrier.  Id.

This Court is without subject matter jurisdiction to consider plaintiff's allegations against defendants M. Paulas, the Director of Corrections, Mr. Andrews, Dr. Nguyen and T. Huang in their official capacities to the

1  extent plaintiff is seeking damages or other retroactive relief.  Accordingly, the
2  Complaint must be **dismissed with prejudice** as to the official capacity claims
3  against defendants M. Paulas, the Director of Corrections, Mr. Andrews,
4  Dr. Nguyen and T. Huang .

C. **Specificity of Claims and Causal Connection**

The Civil Rights Act provides for relief only against those who are personally involved in the deprivation of constitutionally protected rights. Abordo v. State of Hawaii, 902 F. Supp. 1220, 1227 (D. Hawaii 1995); Robeta v. Kirby, 328 F. Supp. 670, 674 (N.D. Cal. 1971).  There can be no liability under § 1983 unless there is an affirmative link or connection between the defendants' actions and the claimed deprivations.  See Rizzo v. Goode, 423 U.S. 362, 372-73, 96 S. Ct. 598, 604, 46 L. Ed. 2d 561 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Therefore, a defendant's conduct must have a close causal connection to plaintiff's injury for § 1983 liability to attach.  Martinez v. California, 444 U.S. 277, 285, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980); Van Ort v. Estate of Stanewich, 92 F.3d 831, 836 (9th Cir. 1996).  Mere negligent conduct is not actionable under § 1983.  Collins v. City of Harker Heights, 503 U.S. 115, 126-27, n.10, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986); Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).  Accordingly, a civil rights complaint must allege in specific terms how each defendant is involved; conclusory allegations are insufficient to state a claim.  See Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

Furthermore, Rule 8(a) of the Federal Rules of Civil Procedure requires sufficient allegations to put the defendants fairly on notice of the claims against them.  McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).  Plaintiff must allege with at least some degree of particularity overt acts which defendants

engaged in that support plaintiff's claim. <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996). A district court may dismiss an action for a <u>pro se</u> party's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored. <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981).

Here, plaintiff has included two documents, both labeled civil rights complaints. While it appears that plaintiff has included similar claims in both documents, plaintiff has named additional defendants in the second document. Moreover, plaintiff includes additional facts and claims in the second document, which makes it difficult for this Court to discern the exact claims plaintiff intends to address in this action.

Accordingly, plaintiff's Complaint must be dismissed with leave to amend to allow plaintiff an opportunity to clearly identify the claims he intends to bring and the connection between each named defendant and the alleged constitutional deprivations.[2]

## ORDER

For all the foregoing reasons, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Complaint is **dismissed with prejudice** as to defendants M. Paulas, the Director of Corrections, Mr. Andrews, Dr. Nguyen and T. Huang in their official capacity to the extent that plaintiff seeks monetary damages from the defendants; and

---

[2] If plaintiff chooses to file a First Amended Complaint, he is instructed to use the Court's standard civil rights form to identify the defendants and claims in this action. Plaintiff may attach additional paper to develop the facts and legal arguments, but such paper must be labeled as an attachment. All defendants that plaintiff intends to name must be listed on the standard form.

2. The remaining Complaint is **dismissed with leave to amend** in order to allow plaintiff to remedy the deficiencies explained above.

Plaintiff shall have **twenty-one (21) days from the date of this Order** to file a First Amended Complaint. The First Amended Complaint must comply with all the applicable provisions of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (codified in Sections of Titles 18, 28 and 42 U.S.C.), the Federal Rules of Civil Procedure, and the Local Rules for the Central District of California.

The First Amended Complaint must be labeled with the case number assigned to this case, and must be labeled "First Amended Complaint." In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's First Amended Complaint complete. Local Rule 15-2 requires that an amended complaint be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

The Court Clerk is directed to enclose with this Order two copies of the form civil rights complaint for plaintiff's use in preparing a First Amended Complaint.

Failure to file a First Amended Complaint in accordance with this Order will result in a recommendation that this action be dismissed with prejudice for

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 | failure to prosecute and/or failure to comply with this Court's order. See
2 | Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R., 370 U.S. 626, 629-30, 82
3 | S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).
4 | DATED: Feb. 22, 2008

*Christina A. Snyder*
CHRISTINA A. SNYDER
United States District Judge

Presented by:
DATED: February 19, 2008

*Jeffrey W. Johnson*
JEFFREY W. JOHNSON
United States Magistrate Judge