FILED
CLERK, U.S DISTRICT COURT

SEP 11 2008

CENTRAL DISTRICT OF CALIFORNIA
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE O. BROWN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | Case No. EDCV 08-65-CAS (JWJ)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED CIVIL RIGHTS COMPLAINT WITH PREJUDICE IN PART AND WITH LEAVE TO AMEND IN PART |

## I. BACKGROUND

On January 28, 2008, plaintiff Ronnie O. Brown, proceeding pro se, filed in this Court a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" (hereinafter "Complaint"). On February 22, 2008, this Court issued a Memorandum and Order dismissing the Complaint with prejudice in part and with leave to amend in part. Specifically, the Court advised plaintiff that the Complaint failed to identify the claims he intends to bring and the connection between each named defendant and the alleged constitutional deprivations. (February 22, 2008 Order, p. 6.) The Court also indicated that it is without subject matter jurisdiction to consider plaintiff's allegations against defendant M. Paulos in his official capacity to the extent plaintiff is seeking damages or

other retroactive relief. (Id. at 4-5.)

On June 24, 2008, plaintiff filed a "First Amended Complaint, Civil Rights Complaint Pursuant To 42 U.S.C. § 1983" (hereinafter "First Amended Complaint").[1] This Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A, the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. Plaintiff alleges that defendants John Doe and M. Poulos violated plaintiff's rights under the Eighth and Fourteenth Amendments. (First Amended Complaint, p. 5.) Plaintiff named defendants John Doe, Director of Corrections, and M. Poulos, Warden, in their individual and official capacities. (Id. at 3.) Plaintiff also appears to name the California Department of Correction and Chino Institution for Men in the caption of the First Amended Complaint and the Attachment.

Plaintiff's First Amended Complaint alleges that defendant M. Poulos was aware that a pipe burst in the ceiling at Chino State Prison, yet failed to take corrective measures for the safety of inmates. (Id. at 5.) Plaintiff claims that he consequently sustained serious injuries when the ceiling collapsed while he was taking a shower. (Id.)

Since portions of plaintiff's First Amended Complaint suffer from the same deficiencies as his original Complaint, the First Amended Complaint is dismissed with prejudice, in part, and with leave to amend, in part.

## II. STANDARD OF REVIEW

A court may dismiss a claim upon motion of the defendants or sua sponte pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to

---

[1] Plaintiff made a second filing on June 24, 2008 which is a handwritten document titled "Statutory and Nonestatutory [sic] Notice of Motion and Reply to File a First Amended Complaint Pursuant to Court Order on None Related Case Currently Before the Court to Prevent Dismissal Want of Prosecution and Request for Copy of Rules of Court with Notice Change of Address." This Court will refer to the handwritten document as the "Attachment."

state a claim upon which relief can be granted." See Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981). A Complaint may be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In reviewing a Complaint under this standard, the Court must accept as true the allegations of the Complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969). However, the "court is not required to accept legal conclusions cast in the form of factual allegations that cannot reasonably be drawn from the facts alleged [citations omitted]." Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).

Review of a complaint for failure to state a claim is generally limited to the contents of the complaint. See Buckey v. City of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 506 U.S. 999, 113 S. Ct. 599, 121 L. Ed. 2d 536 (1992). However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss, and such material is not "outside" the complaint if the complaint specifically refers to the document(s) and its authenticity is not questioned. See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (citations omitted), cert. denied, 512 U.S. 1219, 114 S. Ct. 2704, 129 L. Ed. 2d 832 (1994). The Court may also properly consider material submitted as exhibits to the complaint, see Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990), and documents crucial to the plaintiff's claims, but not explicitly incorporated in the

- 3 -

complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir.), cert. denied, 525 U.S. 1001, 119 S. Ct. 510, 142 L. Ed. 2d 423 (1998) (citing Branch v. Tunnell, 14 F.3d at 454). The Court may properly consider matters of public record: for example, pleadings, orders and other papers on file in another action pending before the court, records and reports of administrative bodies, or the legislative history of laws, rules or ordinances. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

The complaint may be dismissed where it discloses some fact that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984). However, in a pro se civil rights case, the complaint must be construed liberally to afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. Id. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Karim-Panahi, 839 F.2d at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. DISCUSSION

A. **Caption.**

Local Rule 11-3.8(d) provides that "[t]he names of the parties shall be placed below the title of the Court and to the left of center, and single spaced." Therefore, the names of all the defendants must appear in the caption of the complaint. In the body of his First Amended Complaint, plaintiff identifies the following as defendants in this action: John Doe, Director of Corrections, and M. Poulos, Warden. (First Amended Complaint, p. 3.) However, plaintiff fails to name John Doe, Director of Corrections, in the caption of either the First

Amended Complaint or the Attachment. Accordingly, the First Amended Complaint must be **dismissed with leave to amend** to allow plaintiff to name in the complaint caption all individuals plaintiff intends to sue as defendants in this action.

B. **Prison Officials**

Plaintiff names John Doe, Director of Corrections, and M. Poulos, Warden, as defendants in their official and individual capacities. (First Amended Complaint, p. 3.) However, the Eleventh Amendment provides that the federal judiciary power "shall not be construed to extend to any suit in law or equity, commenced against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "The Eleventh Amendment bars both a federal court action for damages (or other retroactive relief) brought by a citizen against a state and such a federal court action brought by a citizen against a state official acting in his official capacity." Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). Since suits for retroactive relief against state officials in their <u>official</u> capacity generally constitute suits against the state itself, federal courts lack jurisdiction to entertain such suits – although <u>individual</u>-capacity claims against state officials face no Eleventh Amendment jurisdictional barrier. See Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).

Therefore, the Complaint is dismissed with prejudice as to the above named defendants in their official capacities to the extent that plaintiff seeks an award of damages.

C. **California Department of Correction and Chino Institution for Men**

Plaintiff appears to name the California Department of Correction and Chino Institution for Men as defendants in the caption of the First Amended Complaint and the Attachment, but fails to make any specific allegations

against the entities. As alleged by plaintiff, Chino Institution for Men is a state prison. (First Amended Complaint, p. 5.) If plaintiff intends to name the California Department of Corrections and Chino Institution for Men as defendants, they will be entitled to Eleventh Amendment immunity. <u>Dittman v. State of California</u>, 191 F.3d 1020, 1025 (9th Cir. 1999). Much like the state officials mentioned above, "[i]n the absence of waiver by the state or a valid congressional override, '[u]nder the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." <u>Dittman v. State of California</u>, 191 F.3d at 1025 (citing <u>Mitchell v. Los Angeles Community College Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1989)). The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, see <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that the California Constitution does not waive immunity from federal court jurisdiction), and the United States Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity, <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 n. 17, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). <u>Dittman v. State of California</u>, 191 F.3d at 1025.

The California Department of Corrections and Chino Institution for Men are arms of the state entitled to Eleventh Amendment immunity, see <u>Alabama v. Pugh</u>, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (per curiam) (concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment); <u>Hale v. Arizona</u>, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc) (concluding that the Arizona Department of Corrections was an arm of the state and, thus, not a person for § 1983 purposes), and have not consented to suit. Accordingly, the California Department of Correction and Chino Institution for Men, as arms of the state,

are immune from suit under 42 U.S.C. § 1983 and must be dismissed with prejudice.

### D. Specificity of Claims and Causal Connection

The Civil Rights Act provides for relief only against those who are personally involved in the deprivation of constitutionally protected rights. Abordo v. State of Hawaii, 902 F. Supp. 1220, 1227 (D. Hawaii 1995); Robeta v. Kirby, 328 F. Supp. 670, 674 (N.D. Cal. 1971). There can be no liability under § 1983 unless there is an affirmative link or connection between the defendants' actions and the claimed deprivations. See Rizzo v. Goode, 423 U.S. 362, 372-73, 96 S. Ct. 598, 604, 46 L. Ed. 2d 561 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Therefore, a defendant's conduct must have a close causal connection to plaintiff's injury for § 1983 liability to attach. Martinez v. California, 444 U.S. 277, 285, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980); Van Ort v. Estate of Stanewich, 92 F.3d 831, 836 (9th Cir. 1996). Mere negligent conduct is not actionable under § 1983. Collins v. City of Harker Heights, 503 U.S. 115, 126-27, n.10, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986); Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). Accordingly, a civil rights complaint must allege in specific terms how each defendant is involved; conclusory allegations are insufficient to state a claim. See Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

Furthermore, Rule 8(a) of the Federal Rules of Civil Procedure requires sufficient allegations to put the defendants fairly on notice of the claims against them. McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). A district court may dismiss an action for a pro se party's

failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored. <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981).

To put the defendants fairly on notice of the claims against them, plaintiff must state the constitutional right that was violated by each defendant and specifically how the violation occurred. <u>Rizzo</u>, 423 U.S. at 372-73. Here, plaintiff has failed to allege any facts to support a constitutional claim against defendant John Doe, Director of Correction. Plaintiff fails to allege specific acts or omissions with any degree of particularity. Plaintiff is advised that supervisory personnel are generally not liable in a civil rights action on any theory of <u>respondeat</u> <u>superior</u> or vicarious liability in the absence of a law imposing such liability. <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); <u>Hansen v. Black</u>, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisory official may be liable only if he or she was <u>personally</u> involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. <u>Redman v. County of San Diego</u>, 942 F.2d at 1446-47; <u>Hansen v. Black</u>, 885 F.2d at 646. Furthermore, a supervisor may be liable for constitutional violations by his or her subordinates if the supervisor knew of the violations and failed to prevent them, <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989), or if the alleged deprivation resulted from a failure to properly train or supervise personnel. <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675, 680-81 (9th Cir. 1984).

Accordingly, plaintiff's First Amended Complaint must be **dismissed with leave to amend** to allow plaintiff an opportunity to allege a specific causal connection between the named defendant and the alleged constitutional deprivations.

///

## ORDER

For all the foregoing reasons, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Complaint is **dismissed with prejudice** as to defendants John Doe, Director of Corrections, and M. Poulos, Warden, in their official capacities to the extent that plaintiff seeks monetary damages from the defendants;

2. The Complaint is **dismissed with prejudice** as to the California Department of Correction and Chino Institution for Men; and

3. The Complaint is **dismissed with leave to amend** as to John Doe in his individual capacity in order to allow plaintiff to remedy the deficiencies explained above.

Plaintiff shall have **twenty-one (21)** days from the date of this Order to file a Second Amended Complaint. The Second Amended Complaint must comply with all the applicable provisions of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (codified in Sections of Titles 18, 28 and 42 U.S.C.), the Federal Rules of Civil Procedure, and the Local Rules for the Central District of California.

The Second Amended Complaint must be labeled with the case number assigned to this case, and must be labeled "Second Amended Complaint." In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's Second Amended Complaint complete. Local Rule 15-2 requires that an amended complaint be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

The Court Clerk is directed to enclose with this Order two copies of the form civil rights complaint for plaintiff's use in preparing a Second Amended

1 | Complaint.
2 |     Failure to file a Second Amended Complaint in accordance with this
3 | Order will result in a recommendation that this action be dismissed with
4 | prejudice as to John Doe in his individual capacity for failure to prosecute
5 | and/or failure to comply with this Court's order. See Fed. R. Civ. P. 41(b); see
6 | also Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388, 8
7 | L.Ed.2d 734 (1962).

DATED: 9/11/08

*Christina A. Snyder* (signature)
CHRISTINA A. SNYDER
United States District Judge

Presented by:

DATED: September 9, 2008

*Jeffrey W. Johnson* (signature)
JEFFREY W. JOHNSON
United States Magistrate Judge